**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alicea Vejvoda,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Monica Tublino, et al.,<br><br>　　　　　　　Defendants. | No. CV-14-0103-PHX-DGC<br><br>**ORDER** |

　　　　Plaintiff Alicea Vejvoda has filed a complaint against Monica Tublino and Child Protective Services ("CPS"). Doc. 1. She has also filed an application to proceed in forma pauperis ("IFP"). Doc. 3. The Court will deny her application for IFP status, screen her complaint, and dismiss the complaint for failure to state a claim.

**I.　　Motion for IFP Status.**

　　　　Plaintiff attaches an affidavit in support of her motion on a court-approved form, but the affidavit is not completed properly. For example, the affidavit does not contain any information regarding income or expenses, does not contain an explanation for why Plaintiff cannot pay the costs of these proceedings, and does not contain Plaintiff's phone number, age, years of schooling, or the last four digits of her social security number for identification purposes. Doc. 3. The application for IFP status will therefore be denied.

**II.　　Legal Standard.**

　　　　In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that ... the action ... fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e)

applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) ... allows a district court to dismiss[ ] sua sponte ... a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127. A district court dismissing under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). This short and plain statement "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir.2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully"). Legal conclusions couched as factual allegations are not given a presumption of truthfulness and "conclusory allegations of law and unwarranted inferences are not sufficient." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998). Dismissal is appropriate where the complaint lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir.1997).

**III.   Plaintiff's Complaint.**

Plaintiff's complaint does not state the basis for this Court's jurisdiction as required by Federal Rule of Civil Procedure 8(a)(1). In addition, the complaint contains a long narrative that appears to allege various wrongs committed by CPS with respect to Plaintiff and her daughter, including allegations of violations of privacy, perjury, lies,

coercion, and that chips have been placed in her daughter's ears and have not been removed. Plaintiff also appears to allege that her custody of her daughter has been terminated by CPS or a court. Attached to the complaint are documents which appear to be medical records for Plaintiff dating back to 2004 and Arizona Health Care Cost Containment System documents dating back to 2005.

The complaint is difficult to understand. The Court cannot identify the legal claims Plaintiff is asserting or the precise factual basis for those claims. The Court will therefore dismiss the complaint for failure to state a claim.

**IV.    Leave to Amend and Plaintiff's Obligations.**

In this circuit, "[a] pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim–Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988). The Court will dismiss the complaint without prejudice and allow Plaintiff to file an amended complaint, consistent with this order, that properly states a claim for relief. Plaintiff shall have until **March 7, 2014** to file an amended complaint.

Plaintiff is advised that she must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"), which may be obtained in the Clerk of Court's office. For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, … (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed.R.Civ.P. 8(a). These pleading requirements shall be set forth in separate and discrete paragraphs. Rule 8(d) provides that each such paragraph "must be simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).

The "short and plain statement of the claim" required by Rule 8(a)(2) must not only designate a cause of action, but must also include enough factual allegations to render the claim plausible. *Iqbal*, 556 U.S. at 677. If Plaintiff chooses to file an amended

complaint asserting violations by Defendants, her pleading should include a statement of the rights Plaintiff believes to have been violated, how each right was violated, how each defendant contributed to the violation, and what injury was caused by each alleged violation. Such factual allegations must provide enough information to "allow[ ] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

If Plaintiff fails to prosecute this action or to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.1992) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's complaint for failing to comply with a court order).

**IT IS ORDERED:**

1. Plaintiff's request for IFP status (Doc. 3) is **denied**.
2. Plaintiff's complaint (Doc. 1) is **dismissed without prejudice**.
3. Plaintiff shall have until **March 7, 2014** to file an amended complaint.
4. The Clerk of Court shall terminate this action without further order of the Court if Plaintiff fails to file an amended complaint by March 7, 2014.

Dated this 14th day of February, 2014.

_____
David G. Campbell
United States District Judge

- 4 -